IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

RENEY VALDEZ,                                        03:10-CV-657-BR

        Plaintiff,

                                       OPINION AND ORDER

v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

        Defendant.

RORY JOSEPH LINERUD
Linerud Law Firm
P.O. Box 1105
Salem, OR 97308-1105
(503) 587-8776

        Attorneys for Plaintiff

1 - OPINION AND ORDER

**DWIGHT C. HOLTON**
United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

**DAVID MORADO**
Regional Chief Counsel
**FRANCO L. BECIA**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, WA  98104-7075
(206) 615-2114

          Attorneys for Defendant


**BROWN, Judge.**

     Plaintiff Reney Valdez seeks judicial review of a final
decision of the Commissioner of the Social Security Admini-
stration (SSA) in which he denied Plaintiff's application for
Supplemental Security Income (SSI) under Title XVI of the Social
Security Act.  This Court has jurisdiction to review the
Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

     For the reasons that follow, the Court **REVERSES** the decision
of the Commissioner and **REMANDS** this matter pursuant to sentence
four of 42 U.S.C. § 405(g) for further administrative proceedings
consistent with this Opinion and Order.


## ADMINISTRATIVE HISTORY

     Plaintiff filed an application for SSI benefits on

2  -  OPINION AND ORDER

December 20, 2002.  The Administrative Law Judge (ALJ) issued
an opinion on November 23, 2005, in which he determined Plaintiff
was not disabled and, therefore, not entitled to benefits.
Tr. 12.[1]

Plaintiff filed her current application for SSI benefits on
April 12, 2006, and alleged a disability onset date of October 1,
1996.  Tr. 120-22.  The ALJ determined, however, that Plaintiff
may only allege disability since November 23, 2005, because
Plaintiff did not challenge the previous ALJ's determination of
nondisability through that date.  Tr. 15-17.  Plaintiff does not
challenge this ALJ's determination as to the onset date.

Plaintiff's April 12, 2006, application was denied initially
and on reconsideration.  Tr. 90-93, 96-98.  An ALJ held a hearing
on May 20, 2008.  Tr. 43-83.  Plaintiff was represented by an
attorney at the hearing.  Tr. 43.  Plaintiff, lay witness Kenneth
Wilken, and a Vocational Expert (VE) testified.  Tr. 43-83.

The ALJ issued a decision on September 4, 2008, in which
he found Plaintiff is not disabled and, therefore, is not
entitled to benefits.  Tr. 12-29.  Pursuant to 20 C.F.R.
§ 404.984(d), that decision became the final decision of the
Commissioner on April 8, 2010, when the Appeals Council denied
Plaintiff's request for review.  Tr. 1-3.

---

[1] Citations to the official transcript of record filed by
the Commissioner on October 20, 2010, are referred to as "Tr."

3  -  OPINION AND ORDER

**BACKGROUND**

Plaintiff was born on June 16, 1970, and was 37 years old at the time of the hearing. Tr. 49, 120. Plaintiff completed her education through the ninth grade. Tr. 49. She does not have any past relevant work experience. Tr. 51-52.

Plaintiff alleges disability due to migraine headaches with vomiting; depression; anxiety with panic attacks; fibromyalgia; chronic pain in her neck, wrists, back, hips, and legs; muscle spasms and weakness in her neck, shoulders, hips and legs; bilateral wrist pain and numbness with difficulty gripping objects; attention-deficit hyperactivity disorder; bipolar disorder; an inability to maintain concentration; asthsma; memory difficulties; and post-traumatic stress disorder. Tr. 57-67.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence. After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence. *See* Tr. 17-26.


**STANDARDS**

The initial burden of proof rests on the claimant to establish disability. *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005). To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful

activity by reason of any medically determinable physical or
mental impairment which . . . has lasted or can be expected to
last for a continuous period of not less than 12 months."
42 U.S.C. § 423(d)(1)(A).  The Commissioner bears the burden of
developing the record.  *Reed v. Massanari*, 270 F.3d 838, 841
(9th Cir. 2001).

The district court must affirm the Commissioner's decision
if it is based on proper legal standards and the findings are
supported by substantial evidence in the record as a whole.
42 U.S.C. § 405(g).  *See also Batson v. Comm'r of Soc. Sec.
Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).  "Substantial
evidence means more than a mere scintilla, but less than a
preponderance, i.e., such relevant evidence as a reasonable mind
might accept as adequate to support a conclusion." *Robbins v.
Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)(internal
quotations omitted).

The ALJ is responsible for determining credibility,
resolving conflicts in the medical evidence, and resolving
ambiguities.  *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir.
2001).  The court must weigh all of the evidence whether it
supports or detracts from the Commissioner's decision.  *Robbins,*
466 F.3d at 882.  The Commissioner's decision must be upheld even
if the evidence is susceptible to more than one rational
interpretation.  *Webb v. Barnhart*, 433 F.3d 683, 689 (9th Cir.

2005).  The court may not substitute its judgment for that of the Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).


## DISABILITY ANALYSIS

**I.    The Regulatory Sequential Evaluation**

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act.  *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).  *See also* 20 C.F.R. § 404.920.  Each step is potentially dispositive.

In Step One, the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity.  *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006).  *See also* 20 C.F.R. § 404.920(a)(4).

In Step Two, the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. § 404.920(a)(4)(ii).

In Step Three, the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R.

§ 404.920(a)(4)(iii).  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's Residual Functional Capacity (RFC).  The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations.  20 C.F.R. § 404.920(e).  *See also* Soc. Sec. Ruling (SSR) 96-8p.  A "'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule."  SSR 96-8p, at *1.  In other words, the Social Security Act does not require complete incapacity to be disabled.  *Smolen v. Chater*, 80 F.3d 1273, 1284 n.7 (9th Cir. 1996).  The assessment of a claimant's RFC is at the heart of Steps Four and Five of the sequential analysis engaged in by the ALJ when determining whether a claimant can still work despite severe medical impairments.  An improper evaluation of the claimant's ability to perform specific work-related functions "could make the difference between a finding of 'disabled' and 'not disabled.'"  SSR 96-8p, at *4.

In Step Four, the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. § 404.920(a)(4)(iv).

7  -  OPINION AND ORDER

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. § 404.920(a)(4)(v). Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can do. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. § 404.920(g)(1).

## ALJ'S FINDINGS

At Step One, the ALJ found Plaintiff had not engaged in substantial gainful activity since November 23, 2005. Tr. 17.

At Step Two, the ALJ found Plaintiff has the severe impairments of migraine headaches, depressive disorder, an anxiety disorder, a somatoform disorder, and opiate dependence. Tr. 17.

At Step Three, the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1. Tr. 24. The ALJ also found before September 1, 2005,

Plaintiff had the RFC to perform

> light work (*e.g.*, maximum lifting/carrying of
> 20 pounds) as defined in 20 CFR 416.967(b),
> except in recognition of psychological
> impairments the claimant is limited to
> performing simple, routine tasks.  Work
> requiring teamwork is precluded. Contact with
> coworkers and the public should be limited to
> an occasional basis.

Tr. 14.

At Step Four, the ALJ concluded Plaintiff has not performed any past relevant work.  Tr. 27.

At Step Five, the ALJ found Plaintiff could perform jobs that exist in significant numbers in the national economy including housekeeper, small-products assembler, and security guard.  Tr. 27-28.  Accordingly, the ALJ found Plaintiff is not disabled and, therefore, is not entitled to benefits.  Tr. 28-29.

## DISCUSSION

Plaintiff contends the ALJ erred when he (1) improperly rejected Plaintiff's testimony, (2) improperly rejected lay-witness testimony by Kenneth Wilken, (3) improperly evaluated Plaintiff's RFC with respect to Plaintiff's "marked" restrictions in social functioning, (4) failed to include in Plaintiff's RFC limitations from carpal-tunnel entrapment in her right wrist, (5) failed to adequately develop the record as to Plaintiff's functional limitations resulting from her carpal-tunnel entrapment, and (6) provided an incomplete hypothetical to the

9  -  OPINION AND ORDER

VE.

**I.  The ALJ did not err when he rejected Plaintiff's testimony.**

Plaintiff alleges the ALJ erred when he failed to provide clear and convincing reasons for rejecting Plaintiff's testimony. Plaintiff does not provide any specific basis for her argument that the ALJ erred beyond a mere assertion of error.

In *Cotton v. Bowen* the Ninth Circuit established two requirements for a claimant to present credible symptom testimony:  The claimant must produce objective medical evidence of an impairment or impairments, and she must show the impairment or combination of impairments could reasonably be expected to produce some degree of symptom. *Cotton*, 799 F.2d 1403, 1407 (9th Cir. 1986).  The claimant, however, need not produce objective medical evidence of the actual symptoms or their severity. *Smolen*, 80 F.3d at 1284.

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the claimant's pain testimony only if he provides clear and convincing reasons for doing so. *Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).  General assertions that the claimant's testimony is not credible are insufficient. *Id*.  The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester*, 81

10 - OPINION AND ORDER

F.3d at 834).

The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause her alleged symptoms, but he concluded Plaintiff's statements about the impact of her impairments on her ability to work "are accepted only to the extent they are consistent with the residual functional capacity." Tr. 26. The ALJ provided numerous bases for rejecting Plaintiff's subjective symptom testimony including the inconsistency of Plaintiff's statements, a well-documented history of drug-seeking behavior, Plaintiff's failure to follow and to complete prescribed treatment, and statements by physicians that reflect Plaintiff's reputation for untruthfulness. Tr. 18-26. Plaintiff does not provide any evidence that undermines these findings by the ALJ.

The Court concludes on this record that the ALJ did not err when he rejected Plaintiff's testimony as to the intensity and limiting effects of her symptoms because the ALJ provided legally sufficient reasons supported by the record for doing so.

## II.  The ALJ did not err when he rejected lay witness Kenneth Wilken's testimony.

Plaintiff contends the ALJ erred when he rejected the testimony of Plaintiff's boyfriend, Kenneth Wilken.

Lay testimony regarding a claimant's symptoms is competent evidence that the ALJ must consider unless he "expressly determines to disregard such testimony and gives reasons germane

11 -  OPINION AND ORDER

to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511
(9th Cir. 2001). *See also Merrill ex rel. Merrill v. Apfel*, 224
F.3d 1083, 1085 (9th Cir. 2000)("[A]n ALJ, in determining a
claimant's disability, must give full consideration to the
testimony of friends and family members.").

Wilken testified as to the pain, anxiety, and depression he
perceives Plaintiff suffers. He specifically pointed out that
Plaintiff's hand impairments cause her to "drop things." Tr. 71.

The ALJ summarized Wilken's testimony and accepted it "as
descriptive of the witness's perceptions; however, it does not
provide sufficient support to alter the residual functional
capacity arrived at herein." Tr. 27. Thus, the ALJ concluded
Wilken accurately recounted Plaintiff's presentation and
subjective complaints, but the ALJ found Wilken's testimony was
insufficient to alter the ALJ's evaluation of Plaintiff's RFC.

In light of the ALJ's extensive findings discrediting
Plaintiff's subjective complaints and the numerous diagnostic
medical tests that failed to disclose a source for Plaintiff's
complaints of debilitating physical impairments, the Court
concludes on this record that the ALJ did not err when he found
Wilken's testimony was insufficient to alter the ALJ's assessment
of Plainitff's RFC.

**III. The ALJ erred in his assessment of Plaintiff's RFC as to the
limitations on her social functioning.**

Plaintiff contends the ALJ erred in his assessment of

12 - OPINION AND ORDER

Plaintiff's RFC by limiting Plaintiff to work that does not
require any teamwork or more than occasional public contact based
on the ALJ's finding that Plaintiff has "marked" difficulties in
social functioning.  Tr. 20-21.

Plaintiff points out Dorothy Anderson, Ph.D., a nonexamining
psychologist for Disability Determination Services (DDS),[2] found
Plaintiff had only "moderate" limitations on social functioning
and, as a result, is limited to occasional public and coworker
contact.  Tr. 243-60.  Plaintiff also points out the ALJ
expressly incorporated the opinions of the previous ALJ (in the
determination of nondisability issued on November 23, 2005) in
which that ALJ found Plaintiff had only "moderate" limitations on
social functioning and, as a result, is limited to work not
requiring teamwork or more than occasional contact with the
public and coworkers.  Tr. 16.

When reviewing Dr. Anderson's findings and the record as to
Plaintiff's psychological impairments, the ALJ here concluded,
however, that "new evidence" demonstrates Plaintiff has "marked"
and "substantial limitations to social activities."  Tr. 20.
Despite his express finding of "marked" limitations on
Plaintiff's social functioning, the ALJ merely incorporated into

---

[2] Disability Determination Services (DDS) is a federally
funded state agency that makes eligibility determinations on
behalf and under the supervision of the Social Security
Administration pursuant to 42 U.S.C. § 421(a).

his assessment of Plaintiff's RFC those restrictions on
Plaintiff's ability to interact with coworkers and the public set
out by Dr. Anderson and the prior ALJ based on "moderate"
limitations on social functioning.  Tr. 20.  The ALJ did not
provide any explanation as to why the restrictions on Plaintiff's
social functioning in her RFC remained exactly the same even
though he found the severity of her social limitations had
increased.

In summary, even though the ALJ concluded based on "new
evidence" that Plaintiff's social restrictions were more severe
("marked") than previously determined, he did not explain or
provide support for his decision to maintain the social
restrictions based on "moderate" limitations on social
functioning that were set out by Dr. Anderson and the prior ALJ.
Thus, the ALJ's assessment of Plaintiff's RFC is not supported by
substantial evidence in the record.

The Court, therefore, concludes on this record that the ALJ
erred in his assessment of Plaintiff's RFC.

**IV.  The ALJ did not err in his assessment of Plaintiff's RFC by
failing to include limitations on Plaintiff's use of her
wrists.**

Plaintiff contends the ALJ erred when he assessed her RFC
because the ALJ failed to include Plaintiff's limitations on the
use of her wrists.  Plaintiff contends on the basis of her
testimony, the lay-witness testimony of Kenneth Wilken, and a

14 -  OPINION AND ORDER

nerve-conduction study included in the record that she has
"bilateral hand/wrist/finger pain and numbness, which causes her
to drop items she attempts to hold."

As noted, the ALJ did not find the testimony of Plaintiff
and Wilken sufficient to establish limitations beyond those
included in his assessment of Plaintiff's RFC.  Plaintiff
counters the nerve-conduction study performed by consulting
neurologist Scott Emery, M.D., on January 14, 2008, supports the
testimony of Plaintiff and Wilken.  Tr. 477-81.  Dr. Emery's
study, however, reflects abnormal findings only with respect to
Plaintiff's right wrist rather than with both wrists.  Tr. 477.
Dr. Emery's study revealed a "mild carpal tunnel entrapment
without evidence of significant conduction block or axonal
injury" as to Plaintiff's right wrist.  Tr. 477-78.  Dr. Emery
did not otherwise describe any resulting limitations.

On February 29, 2008, however, Plaintiff's treating
physician, James Hylton, M.D., submitted a physical-capacity
evaluation of Plaintiff in which he reported Plaintiff could
handle, finger, and feel "frequently" and without limitation.
Tr. 598.  Plaintiff does not identify and the Court has not found
any medical evidence in the record that identifies any
limitations on Plaintiff's ability to handle or to grip objects.
As noted, the ALJ properly found Plaintiff's statements about the
limiting effect of her impairments were not credible.

Accordingly, the Court concludes the ALJ did not err when he excluded limitations on Plaintiff's use of her hands and wrists from his assessment of Plaintiff's RFC.

**V.    The ALJ did not fail to develop the record as to the functional limitations resulting from Plaintiff's carpal-tunnel entrapment.**

Plaintiff also contends the ALJ erred when he failed to develop the record as to the functional limitations resulting from the mild carpal-tunnel entrapment revealed in Dr. Emery's nerve-conduction study.

The Commissioner bears the burden of developing the record. Reed v. Massanari, 270 F.3d 838, 841 (9th Cir. 2001). When important medical evidence is incomplete, the ALJ has a duty to recontact the provider for clarification. 20 C.F.R. § 416.927(c)(2). *See also Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983)(ALJ has a "special duty to fully and fairly develop the record" even when claimant is represented by an attorney). When making disability determinations,

> [i]f the evidence is consistent but we do not have sufficient evidence to decide whether you are disabled, or if after weighing the evidence we decide we cannot reach a conclusion about whether you are disabled, we will try to obtain additional evidence . . . . We will request additional existing records, recontact your treating sources or any other examining sources, ask you to undergo a consultative examination at our expense, or ask you or others for more information.

20 C.F.R. § 404.1527(c)(3).

16 – OPINION AND ORDER

Plaintiff, however, has not demonstrated this record is incomplete as to Plaintiff's alleged wrist limitations. As noted, Plaintiff underwent a significant neurological examination by Dr. Emery. Tr. 477-81. Although Dr. Emery's neuro-diagnostic tests reveal a "mild" entrapment, he did not find any additional evidence of nerve disruption. Tr. 477-78. Furthermore, Plaintiff's treating physician set out at length Plaintiff's physical capacity and stated Plaintiff did not have any limitations with respect to the use of her hands. Tr. 597-98.

On this record the Court concludes the ALJ did not fail to satisfy his duty to develop the medical record.

**VI.  Hypothetical to the VE.**

Plaintiff contends as a result of the ALJ's errors in assessing Plaintiff's RFC with respect to her social functioning and limitations on the use of her wrist, the ALJ erred by failing to give a complete hypothetical to the VE at the hearing on May 20, 2008. The Court has already determined the ALJ did not err in his assessment of Plaintiff's RFC as to limitations on the use of her hands and wrists. The Court, however, has concluded the ALJ's assessment of Plaintiff's RFC with respect to limitations resulting from "marked" difficulties with social functioning is not supported by substantial evidence in the record. Thus, the record is insufficient to determine whether the hypothetical posed to the VE was, in fact, incomplete.

17 -  OPINION AND ORDER

**REMAND**

Generally the decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the Court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). *See also Smolen*, 80 F.3d at 1292. The Ninth Circuit, however, has established a limited exception to this general rule. *Id.* Under the limited exception, the Court must grant an immediate award of benefits when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Id.* The second and third prongs of the test often merge into a single question: Whether the ALJ would have to award benefits if the case were remanded for further proceedings. *See id.* at 1178 n.2.

As noted, the ALJ determined new evidence added to this record since Plaintiff's last unfavorable disability determination on November 23, 2005, reflects Plaintiff suffers from "marked" difficulties in social functioning. The ALJ, however, adopted limitations set out in the opinions of DDS physician, Dr. Anderson, and the prior ALJ with respect to Plaintiff's ability to interact with coworkers and the public

18 - OPINION AND ORDER

that were based on findings of "moderate" restrictions on social functioning rather than "marked" resrictions.  This record does not reflect what, if any, additional restrictions result from Plaintiff's "marked" difficulties in social functioning nor does the record indicate how additional restrictions might affect Plaintiff's ability to perform jobs of housekeeper, small-products assembler, or security guard, which Plaintiff contends each require at least occasional contact with the public and coworkers.

Accordingly, the Court remands this matter for further administrative proceedings consistent with this Opinion and Order.


## CONCLUSION

For these reasons, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED this 23rd day of June, 2011.

/s/ Anna J. Brown

_____

ANNA J. BROWN
United States District Judge


19 -  OPINION AND ORDER